

CHARLES BRUNO
TRAVIS J. SAVOIA
ANDREW P. GOULD
STEVEN D. BROWN*
BRIAN R. LONGENHAGEN
ALYSSA M. BRUNO

**BRUNO LAW**

LICENSED IN PENNSYLVANIA & NEW JERSEY

THE RIEGEL MANSION
P.O. BOX 468
44 NORTH SECOND STREET
EASTON, PA 18044-0468
610.258.4003
610.258.1943

*LICENSED IN PA ONLY

October 5, 2020

Honorable Judge Malachy E. Mannion
U.S. District Court
Middle District of Pennsylvania
PO Box 1148
235 N. Washington Avenue
Scranton, PA 18501-1148

      Re:    Adams Outdoor Advertising L.P. v. RPM Realty Company, et al.
                In the United States District Court for the Middle District of Pennsylvania
                Docket No. 3:19-cv-00366-MEM

Dear Judge Mannion:

As you know, I represent the Plaintiff Adams Outdoor Advertising, L.P. in the instant matter. Gerard J. Geiger, Esquire represents the Defendants. Pursuant to direction received from Chambers on Friday, October 2, 2020, undersigned counsel files the within letter correspondence to the Court concerning a pending discovery issue following unsuccessful good faith attempts to informally resolve same.

The parties in this matter currently have scheduled a deposition of Defendant Raymond Price, III for October 15, 2020, and are endeavoring to schedule the depositions of Attorney Alan Price Young, Esquire and Attorney Richard J. Zecchino, Esquire. Attorneys Young and Zecchino represented the parties in an underlying dispute over a billboard on a parcel of land. Plaintiff contends in the instant action that the 2018 dispute was resolved by way of an enforceable contract entered into by the parties through written communications between their respective counsel (Attorneys Young and Zecchino), while Defendants deny that a contract was formed because they assert that Attorney Young did not have their authority to bind them to same.

Plaintiff proactively seeks the Court's ruling on a discovery dispute the parties have been unable to resolve that will affect the ability of counsel to conduct upcoming depositions. Specifically, Defendants have objected to and/or failed to disclose and produce in discovery certain documents in the form of attorney –client communications which are needed to properly depose Defendant Price – and ultimately Attorney Young – on the issue of Defendants' defense that Mr.

PERSONAL INJURY | CIVIL LITIGATION | WORKERS' COMPENSATION | ESTATE PLANNING AND ADMINISTRATION
INTELLECTUAL PROPERTY | REAL ESTATE | CRIMINAL DEFENSE

WWW.BRUNOLAWFIRM.COM

Young lacked settlement authority from his client. Apart from Defendants' withholding of the documents under objection, it is anticipated that the dispute will cause certain objections to be made and questions directed not to be answered during the depositions, such that the parties will benefit from the Court's ruling on the dispute before depositions are underway.

Attached is a letter communication sent to Defendant's counsel last month on the pertinent issues attempting to informally resolve the dispute ahead of depositions. As outlined in the attached letter marked as Exhibit "A" which sets forth our legal position on the discovery issue, the dispute centers on Plaintiff's discovery request that Defendants produce the communications occurring between Defendants and Attorney Alan Price Young, Esq. in 2018 when the parties were negotiating resolution of their billboard dispute that Plaintiff contends culminated in the enforceable contract that is the subject of this breach of contract action.

It is essential and legally-required under federal law (cited in the attached letter) that Defendants produce these communications in light of the Defendants' continued assertion that Defendants never authorized Attorney Young to enter into an enforceable contract on their behalf, despite Defendant Price being copied on every email in which the contract was consummated and never raising any objection to same. The attached letter to Defendants' counsel expounds on the relevant issues and Plaintiff's position with respect to Defendants' waiver of attorney-client privilege, with citation to relevant law supporting the required production of the communications.

Plaintiff cannot properly depose Defendants' representatives on their asserted defense of the lack of Attorney Young's settlement authority without having the communications that bear on Defendants' statements, understanding, and approval (expressly or inferentially) of the scope of that authority and the negotiations Attorney Young was conducting on Defendants' behalf.

I have not received any response to the attached letter exhibit served weeks ago, and have been unable to get a response from opposing counsel when attempting to reach him by email and telephone, necessitating the instant letter. Plaintiff respectfully requests this Honorable Court's consideration and resolution of the discovery dispute before the scheduled depositions. I will be available this week on the mornings of 10/6, 10/7 and the entire business day on 10/8 to address the issues by teleconference if the Court finds it necessary. Thank you in advance for your time and consideration.

Respectfully,

Charles Bruno, Esq.
CB/acc

Cc:   Gerard J. Geiger, Esq.
      Richard J. Zecchino, Esq.



**BRUNO LAW**

CHARLES BRUNO
TRAVIS J. SAVORA
ANDREW P. GOULD
STEVEN D. BROWN*
BRIAN R. LONGENHAGEN
ALYSSA M. BRUNO

*LICENSED IN PA ONLY

LICENSED IN PENNSYLVANIA & NEW JERSEY

THE RIEGEL MANSION
P.O. BOX 468
44 NORTH SECOND STREET
EASTON, PA 18044-0468
610.258.4003
610.258.1943

September 11, 2020

**<u>VIA EMAIL AND FIRST-CLASS MAIL</u>**
Gerard J. Geiger, Esq.
P.O. Box 511
712 Monroe Street
Stroudsburg, PA 18360-0511

  Re: Adams Outdoor Advertising L.P. v. RPM Realty Company, et al.
     In the United States District Court for the Middle District of Pennsylvania
     Docket No. 3:19-cv-00366-MEM

Dear Gerry:

In anticipation of issues that may arise during the upcoming depositions of both your client and of Alan Price Young, Esquire, I am writing to ask your reconsideration of your objections to the production of any and all written communications between Raymond Price, III and Alan Price Young, Esquire on the issue of the negotiations that were taking place between the parties during the time period of January through December 2018, which as you know Plaintiff contends culminated in an enforceable contract (Defendants deny same).

In Defendants' pleading, they have asserted as a defense to the enforceability of the contract Plaintiff claims was formed the defense that Attorney Young did not have the authority from his client(s) to enter into an agreement with Plaintiff. (See e.g., paragraphs #31 and #34 of Defendants' Answer to Complaint (doc.28)). Likewise, in Defendants' Answer to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action Directed to Alan Price Young, Defendants assert that "Attorney Young did not have authority to enter into any agreement between Adams and RPM without Ray Price, III's agreement and Mr. Price's signature on a written settlement agreement." As you know, Plaintiff's position is that this defense is inconsistent with the representations made by Attorney Young in written communications on which Defendant Price was at all times copied. Nevertheless, it is clear that the central focus of the defense in this contract dispute will be to challenge the enforceability of the contract through the assertion of Attorney Young's lack of authority from his client, Defendant Price.

PERSONAL INJURY | CIVIL LITIGATION | WORKERS' COMPENSATION | ESTATE PLANNING AND ADMINISTRATION
INTELLECTUAL P[ROPERTY] | [C]RIMINAL DEFENSE

**EXHIBIT A**

Federal courts have repeatedly held that a party's contention that his attorney did not have authority to bind him to a contract settling a dispute constitutes a "waiver by assertion" of the attorney-client privilege. *See e.g.,* Thornton v. Syracuse Sav. Bank, 961 F.2d 1042, 1046 (2nd Cir. 1992)(attorney-client privilege waived when party injects into litigation the issue of his attorney's conduct during settlement negotiations); Roberts v. Legacy Meridian Park Hospital, Inc., 97 F. Supp. 3d 1245 (D. Or. 2015)(finding it would be unfair to allow a party opposing enforcement of an agreement to rely on his statement that he did not authorize his attorney to present a settlement offer to opposing counsel while also allowing that party to invoke attorney-client privilege to prevent the opposing party from confirming or refuting that statement); Hartman v. Hook-Superx, Inc., 42 F.Supp.2d 854 (S.D. Ind. 1999)(holding that a party may not continue to invoke attorney-client privilege over the communications concerning settlement between he and his attorney while also maintaining his attorney lacked settlement authority). Thus, a party may not use the privilege as both a sword and a shield, claiming in the one instance that his attorney had no authority to bind him to an agreement while deflecting all inquiry and discovery designed to test the veracity of that assertion. The Third Circuit has explicitly recognized waiver by assertion, holding that a party can waive the attorney-client privilege when it asserts a defense that puts the communications between attorney and client in issue in the litigation. Rhone-Poulenc Rorer, Inc., 32 F.3d 851 (3d. Cir. 1997); Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995). Where a client asserts a defense and attempts to prove that defense by describing an attorney client communication, the privilege is waived. *See* Id.; *See also* Piazza v. County of Luzerne, 2015 WL 6690090 (M.D. Pa. October 30, 2015)(attorney-client privilege does not apply to shield from discovery the communications between the defendant and his lawyer which the defendant asserted he relied upon in making his termination decision in his defense against the plaintiff's wrongful termination claim).

It is Plaintiff's position that any attorney-client privilege for communications between Attorney Young and Defendant Raymond Price, III and/or RPM Realty Company about the parties' negotiations of their 2018 dispute that forms the subject of this litigation *has been waived* by your clients' assertion of the defense that Attorney Young did not have authority to enter into a contract to settle the parties' dispute on Defendants' behalf. By placing at issue in this matter your clients' discussions with Attorney Young concerning his authority in negotiating and resolving the parties' dispute by way of the alleged contract, your clients have centered their defense on their communications with Attorney Young concerning same. In light of the asserted defense, any communications between Defendants and Attorney Young on the issue of the latter's negotiations of the underlying dispute with Plaintiff are material, discoverable, and bear upon the issue of Attorney Young's actual authority. As in the aforementioned cases, Plaintiff has a right to explore and test your clients' defense of no actual authority through appropriate discovery, and is not obligated to simply accept your client's in-suit word that Attorney Young lacked authority where other contemporaneous communications at the time of negotiations may reveal otherwise.

Accordingly, I ask that you reconsider your prior objections and produce all such communications between Alan Price Young, Esquire and Defendant Raymond Price, III and/or RPM Realty Company, including those possessed by your client and those which were produced to you by Attorney Young, that are responsive to Plaintiff's Request for Production of

Documents ##1, 7, 8, 11, 12, 13, and 15 and/or to the Rule 45 subpoena issued upon Attorney Young to which you provided a response.

Please let me know your position with respect to this request within ten (10) days so that the parties may have adequate time to address the issue with the Court ahead of the scheduled depositions, should it not be capable of resolution.

Very truly yours,

Charles Bruno, Esq.
CB/acc

Cc:   Rich Zecchino
      Lois Arciszewski
      Bill Platko